[Cite as *In re B.O.C.*, 2017-Ohio-318.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: B.O.C. | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| AN ABUSED CHILD | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| IN THE MATTER OF: G.F. | : | |
| | : | Case Nos. 16CA68 |
| A DEPENDENT CHILD | : | 16CA69 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Juvenile Division, Case Nos.
2008DEP00169 and 2010DEP00027

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            January 26, 2017

APPEARANCES:

For Appellant                          For Appellee

DAVID M. WATSON                        TIFFANY D. BIRD
3 North Main Street                    731 Scholl Road
Suite 702                              Mansfield, OH  44907
Mansfield, OH  44902

*Farmer, P.J.*

{¶1}   On August 27, 2008, appellee, Richland County Children Services, filed a complaint alleging G.F., born January 17, 2008, to be a dependent child.  Mother of the child is appellant, A.S.; father is B.F.

{¶2}   An adjudicatory hearing was held on December 11, 2008, wherein both parents stipulated to dependency.  The child was placed under the protective supervision of appellee.

{¶3}   On February 26, 2010, appellee filed a complaint alleging a second child, B.O.C, born February 5, 2010, to be an abused and dependent child.  Mother of the child is appellant; father is W.C.

{¶4}   An adjudicatory hearing was held on March 25, 2010, wherein both parents stipulated to abuse.  The child was placed under the protective supervision of appellee.

{¶5}   Thereafter, by judgment entry filed April 15, 2011, the trial court placed the children in the legal custody of Susan Brown, B.O.C.'s paternal aunt, and protective supervision was terminated.

{¶6}   On August 28, 2014, appellant filed a motion to modify disposition.  On December 10, 2014, the trial court placed the children in the temporary custody of John and Nancy Brown with agreement of all parties.

{¶7}   On December 19, 2014, appellant filed a motion for emergency custody of G.F.  On January 8, 2015, appellee filed a motion for temporary custody of both children.  The trial court placed both children in appellee's temporary custody on February 13, 2015.

{¶8}   On October 29, 2015, appellee filed a motion for permanent custody of both children.

{¶9}   On January 19, 2016, B.F., father of G.F., appeared before the trial court and consented to the termination of his parental rights.  The trial court terminated his parental rights on January 21, 2016.

{¶10}  Hearings before a magistrate were held on February 11 and 17, and March 29, 2016.  W.C., father of B.O.C., did not attend the hearings and did not contest the permanent custody motion.

{¶11}  By decision filed April 5, 2016, the magistrate terminated the parents' parental rights and granted appellee permanent custody of the children.  Appellant filed objections.  By judgment entry filed October 11, 2016, the trial court overruled the objections and approved and adopted the magistrate's decision.

{¶12}  Appellant filed two appeals, one for each child, and this matter is now before this court for consideration.  The identical assignment of error is as follows:

I

{¶13}  "THE TRIAL COURT'S DECISION TO GRANT THE STATE'S MOTION FOR PERMANENT CUSTODY IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶14}  Appellant claims the trial court in awarding permanent custody of the children to appellee, as the decision is not supported by clear and convincing evidence. We disagree.

{¶15}  As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses.  Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.  *Cross Truck*

*v. Jeffries,* 5th Dist. Stark No. CA-5758, 1982 WL 2911 (February 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction,* 54 Ohio St.2d 279 (1978). On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-52; *Eastley v. Volkman,* 132 Ohio St .3d 328, 2012-Ohio-2179. In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley* at ¶ 21.

{¶16} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part the following:

> (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this

section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(2) Chronic mental illness, chronic emotional illness, intellectual disability, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;

(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

(16) Any other factor the court considers relevant.

{¶17} R.C. 2151.414(B)(1) specifically states permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child and:

(a) The child is not abandoned or orphaned***and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***.

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

{¶18} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶19} R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interest of a child:

> (D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

> (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

> (b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶20} Although the assignment of error is written with broad language, appellant argues the trial court erred in finding R.C. 2151.414(B)(1)(d) applied. A review of the magistrate's April 5, 2016 decision and the trial court's October 11, 2016 judgment entry discloses that although R.C. 2151.414(B)(1)(d) was found to apply, the provisions of R.C. 2151.414(B)(1)(a) and R.C. 2151.414(E)(1), (2), and (4) were also found to apply. Therefore, we find the two-issue rule is applicable sub judice. The trial court had an alternate, independent ground for terminating parental rights, finding the children cannot and/or should not be placed with any parent at this time or in the foreseeable future as

they failed continuously and repeatedly to remedy the problems which caused the children to be removed from the home.

{¶21} Throughout the long history of this case, including legal and temporary custody being granted to relatives, appellant has maintained a hostile and uncooperative attitude with agency personnel, and has refused to keep in regular contact with the agency. T. at 46-47, 54, 115-116. Despite appellee's lengthy involvement, at the time of the permanent custody hearings, appellant still had the same issues that she had four and one-half years ago. T. at 130-131.

{¶22} Appellant's case plan included drug and alcohol assessment and any follow up treatment as recommended, mental health evaluation and treatment, random drug screens, and meeting the basic needs of the children. T. at 105-106.

{¶23} Appellant did not complete the drug and alcohol assessment and refused random drug screens. T. at 107-108, 109-110. She refused a court-ordered drug screen during the second day of hearings prior to her testimony. T. at 255-257. Appellant left the courthouse because of a pending contempt for her refusal. T. at 287-288, 292-293. She did not participate in the remainder of the hearing. T. at 304.

{¶24} Appellant is homeless and has no verifiable employment. T. at 111, 113-114. The caseworker opined appellant was unable to meet the basic needs of the children. T. at 114. In particular, the treatment plan for G.F. requires parental commitment and follow-through regarding behavioral issues and grades in school. T. at 90-93, 207-208.

{¶25} Appellant's visitations with the children were chaotic at best. Appellant yelled and screamed and refused to accept directions or advice. T. at 45-54, 118.

Appellant interaction with the children was distant, demanding, argumentative, and aggressive, resulting in the children becoming angry, agitated, and upset. T. at 49-56, 118, 132.

{¶26} Appellant testified she has "smoked pot all my life," but has not smoked in about six months. T. at 260. She admitted to not following through on drug or alcohol treatment and obtaining a mental health evaluation, and agreed she did not complete the case plan or cooperate with agency personnel. T. at 260-263, 267-268. Appellant admitted to not having housing and an income. T. at 264-265. Her attitude was "I don't want to do what you guys want me to do." T. at 260. "[E]very time I do what you guys want me to do I get screwed anyways, so why do it because I'm going to get screwed anyways." T. at 260-261. During the March 10, 2011 legal custody hearing, appellant admitted to using marijuana to self-medicate. March 10, 2011 T. at 14-16. During this same hearing, appellant was asked what she needed to be compliant with her medication and stop her chronic use of marijuana, and she responded: "You guys to give me my kids back and get out of my face, and I'll be just fine." *Id.* at 23.

{¶27} From our review of the legal custody hearing to the permanent custody hearings, we find appellant has refused to comply with the case plan, and she blames all her failures on appellee and the requirements of the case plan. It is clear that all reasonable efforts have been made and appellant's attitude and lack of cooperation have resulted in the loss of permanent custody.

{¶28} Although appellant does not dispute best interest, we find both children have benefited from their respective foster placement. The children need a stable home environment and structure, as well as weekly counseling. T. at 25-27, 93-94, 193, 197.

B.O.C. has stated she does not want to live with appellant. T. at 29. G.F. struggles with change, and because of his hyperactivity and impulsive behavior, he needs ongoing medication and therapy/counseling, and has improved in the last few months. T. at 95-96, 192-193, 206-208. The children do well together and each has a good, positive bonded relationship with their respective foster parents. T. at 122-124.

{¶29} Upon review, we find sufficient clear and convincing evidence to support the trial court's decision on best interest and the granting of permanent custody of the children to appellee.

{¶30} The sole assignment of error is denied.

{¶31} The judgment of the Court of Common Pleas of Richland County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 15